# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

MELINDA GOTHARD,

        Plaintiff,

v.                                      Case No. 3:20-cv-215-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,[1]

        Defendant.

_____

## **OPINION AND ORDER**[2]

### **I.  Status**

Melinda Gothard ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disabled widow's benefits ("DWB"). Plaintiff's alleged inability to work is the result of having anxiety, post-traumatic stress disorder, asthma, arthritis in the

---

[1]  Kilolo Kijakazi recently became the Acting Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]  The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 15), filed August 18, 2020; Reference Order (Doc. No. 19), signed August 21, 2020 and entered August 24, 2020.

neck and feet, a "cracked bone in [the] knee," and "IBD."[3] Transcript of Administrative Proceedings (Doc. No. 16; "Tr." or "administrative transcript"), filed August 18, 2020, at 130, 142, 287. Plaintiff filed an application for DWB on December 8, 2015,[4] alleging a disability onset date of July 1, 2012. Tr. at 252-55. The application was denied initially, Tr. at 128, 129-38, 139, 158-60, and upon reconsideration, Tr. at 140, 141-52, 153, 164-68.

On May 24, 2018, an Administrative Law Judge ("ALJ") convened a hearing on the claim, but the hearing was continued for Plaintiff to find a representative, attend a consultative examination, and submit additional medical evidence. Tr. at 110-27; see Tr. at 217. On October 24, 2018, the ALJ reconvened the hearing, during which he heard testimony from Plaintiff, who was by then represented by counsel, and a vocational expert ("VE"). See Tr. at 55-109. On January 30, 2019, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 10-21.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted additional evidence in the form of a brief authored by Plaintiff's

---

[3] The undersigned believes "IBD" to be a reference to an irritable bowel condition (based on other parts of the record).

[4] Although actually completed on December 8, 2015, see Tr. at 252-55, the protective filing date of the application is listed elsewhere in the administrative transcript as November 19, 2015, see, e.g., Tr. at 130, 142.

representative. See Tr. at 4-5, 248-51, 370-71. On January 8, 2020, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On March 4, 2020, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff makes two arguments. First, Plaintiff argues the ALJ erred by assigning Plaintiff a residual functional capacity ("RFC") to perform medium work with additional restrictions. Memorandum in Support of the Complaint (Doc. No. 21; "Pl.'s Mem."), filed August 27, 2020, at 6-9. In furtherance of that argument, Plaintiff challenges the ALJ's handling of the opinion of Ronald Rosen, M.D., a non-examining physician. Id. at 9. Second, Plaintiff argues the ALJ erred by failing to adequately consider the effects of Plaintiff's pain. Id. at 10. On February 18, 2021, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 26; "Def.'s Mem.") addressing Plaintiff's arguments.

After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.  The ALJ's Decision

Relevant to this case, an individual may be eligible for DWB if he or she is the widow of an individual who died fully insured, and the widow became disabled[5] between the ages of 50 and 59. See 42 U.S.C. § 402(e)(1); 20 C.F.R. § 404.335(c). When determining whether the widow claimant is disabled, an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ determined that Plaintiff is a widow and the relevant period in her case is from December 1, 2014, the date her husband died, through

---

[5]  "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

- 4 -

October 21, 2021, seven years after his death. Tr. at 11, 12-13. The ALJ then followed the five-step sequential inquiry. See Tr. at 13-21. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since July 1, 2012, the alleged onset date." Tr. at 13 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: obesity, fibromyalgia, generalized arthritis, a history of osteoarthritis ('OA') of the left shoulder, status post surgical repair, a history of hiatal hernia, a history of irritable bowel syndrome ('IBS'), a history of asthma, degenerative disc disease ('DDD') of the cervical and lumbar spine, and a history of hypothyroidism." Tr. at 13 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 15 (emphasis and citation omitted).

> The ALJ determined that Plaintiff has the following RFC:
>
> [Plaintiff can] perform medium work as defined in 20 [C.F.R. §] 404.1567(c) with limitations. Specifically, [Plaintiff] has the ability to lift[,] carry and push[/]pull 50 pounds occasionally (up to one-third of the day) and 25 pounds frequently (up to two-thirds of the day); sit for four hours at a time and a total of eight hours during an eight-hour day; and stand and/or walk for four hours at a time and a total of eight hours during an eight-hour day. She can occasionally climb ladders and frequently climb stairs/ramps, balance, stoop, kneel, crouch, and crawl. She cannot more than occasionally reach overhead with the left non-dominant upper extremity but has no other limitations concerning manipulation, vision, or communication. She should avoid concentrated exposure

> to wetness, humidity, and respiratory irritants. Mentally, she must avoid frequent changes in the work setting but has no other significant mental limitations.

Tr. at 15 (emphasis omitted). At step four, the ALJ relied on the testimony of the VE and found that Plaintiff "is capable of performing past relevant work as a sales clerk" because the "work does not require the performance of work-related activities precluded by [Plaintiff's RFC]." Tr. at 19 (emphasis and citation omitted). The ALJ then proceeded to make alternative findings at step five. Tr. at 19-20. After considering Plaintiff's age ("50 years old . . . on the alleged onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ again relied on the VE's testimony and found "there are other jobs that exist in significant numbers in the national economy that [Plaintiff] also can perform," such as "Stock Selector," "Room Attendant," and "Store Keeper." Tr. at 20 (citations omitted). The ALJ concluded Plaintiff was not "under a disability . . . from July 1, 2012, through the date of th[e D]ecision." Tr. at 21 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial

evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

### A.   RFC and Dr. Rosen's Opinion

#### 1.   Arguments

Plaintiff argues the ALJ erred in assessing a RFC for medium work with additional restrictions. Pl.'s Mem. at 6-9. In making the argument, Plaintiff contends the ALJ erred in relying on the opinion of Dr. Rosen, a non-examining

physician who reviewed Plaintiff's file on August 2, 2016 and rendered an opinion on Plaintiff's functional limitations. Id.; see Tr. at 149-50 (Dr. Rosen's opinion). Plaintiff points out that medical evidence post-dating Dr. Rosen's opinion, including treatment records and consultative examination findings, obviously were not reviewed by Dr. Rosen in forming his opinion. Pl.'s Mem. at 8-9. According to Plaintiff," [w]ithout some evaluation of the [later] treatment records . . . by Dr. Rosen[,] the ALJ had no basis to assign a medium [RFC]." Id. at 9.

Responding, Defendant argues the ALJ did not rely solely on Dr. Rosen's opinion in assessing the RFC. Def.'s Mem. at 7-8. In addition, Defendant contends that even if Dr. Rosen did not review all of the medical evidence, the ALJ did, and the ALJ properly concluded that Dr. Rosen's opinion was consistent with and supported by the record as a whole. Id. at 9; see id. at 10-11.

**2. Applicable Law**

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider

limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" Social Security Ruling ("SSR") 96-8P, 1996 WL 374184 at *5; see also Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

"Medical opinions[6] are statements from [physicians or other] acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). Acceptable medical sources include licensed physicians, licensed psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists. 20 C.F.R. § 404.1502(a).[7]

---

[6] On January 18, 2017, the SSA revised the Rules regarding the evaluation of medical evidence and symptoms for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5,844, 5,844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (Mar. 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Because Plaintiff filed her claim before that date, the undersigned cites the Rules and Regulations that are applicable to the date the claim was filed.

[7] For claims filed on or after March 27, 2017, acceptable medical sources also include licensed audiologists, licensed Advanced Practice Registered Nurses, and licensed Physician Assistants. 20 C.F.R. § 404.1502(a)(6)-(8).

The Regulations establish a hierarchy among medical opinions that provides a framework for determining the weight afforded each medical opinion. See 20 C.F.R. § 404.1527. Essentially, "the opinions of a treating physician are entitled to more weight than those of a consulting or evaluating health professional," and "[m]ore weight is given to the medical opinion of a source who examined the claimant than one who has not." Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1259, 1260 n.5 (11th Cir. 2019). Further, "[n]on-examining physicians' opinions are entitled to little weight when they contradict opinions of examining physicians and do not alone constitute substantial evidence." Id. at 1260 (citing Sharfarz v. Bowen, 825 F.2d 278, 280 (11th Cir. 1987) (per curiam)).

The following factors are relevant in determining the weight to be given to a physician's opinion: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of [any] treatment relationship"; (3) "[s]upportability"; (4) "[c]onsistency" with other medical evidence in the record; and (5) "[s]pecialization." 20 C.F.R. § 404.1527(c)(2)-(5); see also 20 C.F.R. § 404.1527(f); Walker v. Soc. Sec. Admin., Comm'r, 987 F.3d 1333, 1338 (11th Cir. 2021) (citation omitted); McNamee v. Soc. Sec. Admin., 164 F. App'x 919, 923 (11th Cir. 2006) (citation omitted) (stating that "[g]enerally, the opinions of examining physicians are given more weight than those of non-examining physicians[;] treating physicians[' opinions] are given

more weight than [non-treating physicians;] and the opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists").

An ALJ is required to consider every medical opinion. See 20 C.F.R. § 404.1527(c) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive"). While "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion," Oldham v. Schweiker, 660 F.2d 1078, 1084 (5th Cir. 1981) (citation omitted); see also 20 C.F.R. § 404.1527(c)(2), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor," Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Sharfarz, 825 F.2d at 279); Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005); Lewis, 125 F.3d at 1440.

### 3. Discussion

Here, Dr. Rosen reviewed the file on August 2, 2016 and assigned functional limitations that are mainly consistent with medium work. Tr. at 149-50. The ALJ assigned "[s]ignificant weight" to Dr. Rosen's opinion,[8] finding it "is supported by the longitudinal medical evidence . . . showing some ongoing

---

[8] The ALJ did not refer to Dr. Rosen by name, instead referring to a "DDS physician's opinion," but the ALJ cited Exhibit 5A, Tr. at 19, which contains Dr. Rosen's opinion, see Tr. at 149-50.

pain complaints and mild/minimal objective diagnostic and clinical findings." Tr. at 19. In challenging this finding, Plaintiff mainly relies on the fact that Dr. Rosen did not review evidence post-dating his August 2, 2016 opinion. But, the ALJ's Decision makes clear that the ALJ considered and took into account evidence post-dating Dr. Rosen's opinion in formulating the RFC. See Tr. at 16-17. Additionally, while the ALJ found Dr. Rosen's opinion to be supported by the record, the ALJ when assessing the RFC did not adopt the opinion verbatim, instead adding restrictions that are not present in Dr. Rosen's opinion. Compare Tr. at 149-50, with Tr. at 15. Plaintiff takes no other issue with the manner in which the ALJ assessed her RFC (other than summarizing some of the medical and opinion evidence and Plaintiff's allegations of pain, see Pl.'s Mem. at 8-9), and the undersigned finds that the RFC is supported by substantial evidence. The ALJ did not err in this regard.

**B. Effects of Pain and Other Symptoms**

    **1. Arguments**

Plaintiff contends the ALJ erred because he "did not consider the effects of pain." Pl.'s Mem. at 10. Plaintiff proffers (without any citation) evidence that she was being treated for pain by "facet injections" and "medications." Id. According to Plaintiff, "proper consideration of the pain component that may reduce her ability to perform only simple tasks was needed because the Grid Rules would apply to find her disabled." Id. In other words, Plaintiff's contention

is that if—due to her pain—she were found to have the a more restrictive RFC than the ALJ assigned, she could potentially be found disabled under the applicable Grid Rules. See id. Responding, Defendant argues the ALJ "specifically considered the impact pain had on [Plaintiff's] limitations, contrary to Plaintiff's assertions." Def.'s Mem. at 12.

### 2. Applicable Law

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

"When evaluating the claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms." Davis v. Astrue, 287 F. App'x 748, 760 (11th Cir. 2008) (citing 20

C.F.R. § 404.1529(c)(3)(i)-(vi)). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

In 2017, the SSA issued new guidance to ALJs about how to evaluate subjective complaints of pain and other symptoms. The SSA has "eliminat[ed] the use of the term 'credibility' from [its] sub-regulatory policy, as [the R]egulations do not use this term." SSR 16-3P, 2017 WL 5180304, at *2 (Oct. 25, 2017). "In doing so, [the SSA has] clarif[ied] that subjective symptom evaluation is not an examination of an individual's character." Id. Accordingly, ALJs are "instruct[ed] . . . to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." Id. "The change in wording is meant to clarify that [ALJs] aren't in the business of impeaching claimants' character; obviously [ALJs] will continue to assess the credibility of pain assertions by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." Cole v. Colvin, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original).

### 3. Discussion

Here, the ALJ summarized Plaintiff's allegations, including that she alleges "disability due to wide spread pain," before finding that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. at 16. The ALJ observed that "[t]he objective medical evidence is very limited" and that "[w]hile [Plaintiff] reports significant joint pain essentially all over, diagnostic testing has failed to show corresponding objective evidence to support her claims." Tr. at 16 (citations omitted). The ALJ then summarized the medical evidence in detail. Tr. at 16-17. Regarding Plaintiff's current contention that she is being treated with facet injections and medications, the ALJ specifically recognized such treatment, finding that "[r]ecords note treatment for pain management with good results of medications and injective therapy in her lumbar spine" and also noting that the treatment regimen was altered due to Plaintiff's noncompliance. Tr. at 17.

The ALJ's Decision makes clear that he considered Plaintiff's allegations of pain. The ALJ's findings regarding the allegations being inconsistent with the other evidence of record are supported by substantial evidence and need not be disturbed.

## V.  Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 22, 2021.

_____
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record